JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | ) No. ED CV 11-704-VBF (PLA) |
| JAMES-IGNATIUS: DIAMOND, | ) |
| Petitioner, | ) **ORDER RE: SUMMARY DISMISSAL OF ACTION FOR LACK OF JURISDICTION** |
| | ) |

On May 3, 2011, petitioner, who does not appear to be in custody, filed an "Application for a Writ of Habeas Copus Ad Subjiciendum" (the "Petition"), in which petitioner seeks to "abrogat[e] [his] citizenship in the **U**nited States of America by declaring allegiance to the laws of the **u**nited States of America," and "mak[e] a choice of law decision by submitting to the laws of the **u**nited States of America." (See Petition at 4) (emphasis added). Petitioner explains that he is a united States citizen (as opposed to a United States citizen) and intends to "acquire a new domicile in the Commonwealth of the united States of America by 1) declaring his allegiance to the united States of America, 2) filing a copy of his birth certificate evidencing his birth in the United States, 3) petitioning this Court for declaratory relief, and 4) prosecuting his declaration of allegiance in the "United States Court of Federal Claims." (Id.).

The term "habeas corpus" is "[t]he name given to a variety of writs, (of which these were anciently the emphatic words,) having for their object to bring a party before a court or judge. In common usage, and whenever these words are used alone, they are understood to mean the

habeas corpus ad subjiciendum." Carbo v. United States, 277 F.2d 433, 436 n.2 (9th Cir. 1960) (per curiam) (quoting Black's Law Dictionary, 4th Ed. 1957); see also Stone v. Powell, 428 U.S. 465, 475 n.6, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) ("It is now well established that the phrase 'habeas corpus' used alone refers to the common-law writ of habeas corpus [a]d subjiciendum, known as the 'Great Writ.'") (citing Ex parte Bollman, 4 Cranch 75, 95, 8 U.S. 75, 2 L.Ed. 554 (1807) (Marshall, C. J.)). The purpose of the writ of habeas corpus ad subjiciendum "is to inquire as to the legality of [a] prisoner's restraint." See Carbo, 277 F.2d at 435. As such, a federal court lacks jurisdiction to consider an application for a writ of habeas corpus when the petitioner is not in state or federal custody. See Stone, 428 U.S. at 474-79 (discussing history of the writ of habeas corpus in the United States as applying only to persons in state or federal custody who assert that they are in custody in violation of the United States Constitution or the laws or treaties of the United States); Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States'") (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)). As the United States Supreme Court has explained:

> The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Persons in federal custody may contest the legality of their custody and/or sentence by filing habeas petitions under 28 U.S.C. §§ 2241 or 2255. See

1 | Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000). The distinction between a habeas
2 | corpus petition under § 2241, and a motion to vacate, set aside, or correct a sentence under §
3 | 2255 directly impacts whether a particular district court has jurisdiction to entertain the action. Id.
4 | at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which
5 | a federal prisoner may test the legality of his detention, and that restrictions on the availability of
6 | a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v.
7 | Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted), cert. denied, 549 U.S. 1313 (2007);
8 | Harrison v. Ollison, 519 F.3d 952, 955-56 (9th Cir.), cert. denied, __ U.S. __, 129 S.Ct. 254
9 | (2008). A motion under § 2255 must be brought in the sentencing court. See 28 U.S.C. § 2255.
10 | On the other hand, a habeas corpus petition under 28 U.S.C. § 2241 is the appropriate vehicle by
11 | which a federal prisoner challenges the manner, location or conditions of the execution of his
12 | sentence. Hernandez, 204 F.3d at 864. A § 2241 petition must be brought in the district in which
13 | the petitioner is in custody. Id. at 865.

A habeas petition must specify the grounds for habeas relief that the petitioner is seeking as well as the facts supporting each ground. See Rule 2(c), Rules Governing § 2254 Cases, 28 U.S.C. Foll. § 2254; Rule 2, Rules Governing 2255 Proceedings, 28 U.S.C. Foll. § 2255; Mayle v. Felix, 545 U.S. 644, 649, 125 S.Ct. 2562, 2566, 162 L.Ed.2d 582 (2005). The Court may dismiss a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (citation omitted); see Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. Foll. § 2254; Rule 4, Rules Governing 2255 Proceedings, 28 U.S.C. Foll. § 2255.

Here, petitioner did not state whether he intended to file his Petition under the statutory scheme of 28 U.S.C. §§ 2241, 2254, or 2255. Nevertheless, it is clear from the face of the filing that petitioner is not challenging the legality of any conviction, or otherwise claiming to be in custody in violation of the Constitution or laws or treaties of the United States. Instead, petitioner is attempting to "reclaim the ancient domicile of [his] race," by declaring his allegiance to and making a choice of law with the united States of America, rather than the United States of America. (See Petition at 4, 6). Petitioner's filing fails to state any claims for federal habeas relief.

Neither does the filing include information from which a court could determine whether petitioner has exhausted available administrative and judicial remedies. The Court therefore concludes that the jurisdictional requisite for a writ of habeas corpus has not been met here. See Maleng, 490 U.S. at 490-91; see also Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted); Hartman v. Summers, 878 F.Supp. 1335, 1347 n.15 (C.D. Cal. 1995), aff'd, 120 F.3d 157 (9th Cir. 1997) ("the Ninth Circuit has made clear that habeas petitions are limited to attacks upon the legality or duration of confinement").

The Court also has considered whether to ignore the mislabeling and construe this action as a civil rights action brought pursuant to 42 U.S.C. § 1983. See Hanson v. May, 502 F.2d 728, 729-30 (9th Cir. 1974). However, it does not appear that petitioner's allegations are sufficient to state a claim for a violation of his federal civil rights. Moreover, petitioner failed to submit a completed Declaration in Support of Request to Proceed In Forma Pauperis, which is required in order to file a complaint in a civil action without prepayment of fees. See 28 U.S.C. § 1915(a)(1).

Based on the foregoing, **IT IS ORDERED THAT** this action be summarily **dismissed** for lack of jurisdiction. See Gutierrez, 695 F.2d at 1198; Local Rule 72-3.2.

DATED: 5/27/11

HONORABLE VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE